Battle, J.
 

 The question presented by the pleadings is fully answered by the case of
 
 Jasper
 
 v. Maxwell, 1 Dev. Eq. p. 357, which, in several respects, is very much like the pres-exrt. In that case, one Stephen Outerbridge, bequeathed as follows:
 
 “
 
 Whereas, I leave fifty shares in the bank of the State of North Carolina, (naming twenty-six shares in other banks) it is my will that my daughter, Sarah M. Fenner, shall
 
 *65
 
 Rave the profits arising therefrom during her natural life, or until the charters of the said hanks may expire. I do, therefore, hy these presents, leave the said seventy-six shares, in trust with my executors, and I do hereby authorize them to take charge of the said bank stock, and draw the dividends as they shall become due and.payable, and the dividends when drawn by my executors, shall be paid over to my daughter, the said Sarah M. Eenner, for her use and comfort. Whenever the charters of the said banks Shall expire, (if they shall not again be renewed), I do then give and bequeath the said seventy-six shares to my said daughter, to her and her heir forever.”
 

 Sarah M. Fenner, the daughter, was then a widow, but. af-terwards married and died; and her husband took out letters of administration upon her estate, and filed a bill against the executors to have the bank stock transferred to himself. The Court said:
 
 “
 
 The bank stock is bequeathed to the executors in trust to receive the dividends as declared, and pay them over to the testator’s daughter during her life, or until the charters expire, and upon that event, (unless the charters should be renewed), the stock itsCfj is given to the daughter. In her, then, are united the present right to the whole profits, and the absolute, ultimate dominion, which gives as perfect a property as is known to the law. The
 
 cestui qui trust
 
 can call for the legal estate at her will. It is not like the case of a bequest, in trust for the maintenance of another. There, the trustee must retain the property in order to provide out of the profits for the support of the object of the testator’s bounty. He must keep the fund in his own hands lest it be wasted. But here, the fund is to go (eventually) directly to the daughter, and in the mean while, the whole profits, not
 
 as
 
 a maintenance to be provided by the executor, but as a general pecuniary legacy.” These remarks are directly applicable to the case before us, where a present right to the whole profits, as well as the absolute, ultimate dominion of the bank stock are given to the legatees, and they are therefore entitled to have a transfer of the stock made to them. The rule would be different, and the
 
 centwi qm trust
 
 would not be entitled to call for the legal estate, if from the nature of the trust, their ownership were
 
 *66
 
 not immediate and absolute, and it would defeat or put it into their power to defeat or endanger a legitimate, ultimate limitation of the trust property.
 
 Dick
 
 v.
 
 Pitchford,
 
 1 Dev. and Bat. Eq.
 
 480; Battle v. Petway, 5
 
 Ire. Rep 576. See also, Hill on Trustees 278; 1 Cru. Dig. Tit. 12, ch. 4, sec. 6.
 

 The result is, that all the plaintiffs, except the infants, are entitled to a decree that the defendant shall transfer to them the shares of the Bank Stock given to them under the will of the Testator. The defendant must stilt retain the shares belonging to the infants upon the trust declared for them in the will.
 

 It is proper that this Court should declare that it would not sanction a charge by the trustee of five per cent, commissions for simply receiving and paying over the dividends of the Stock.
 

 PeR Cueiam. Decree accordingly.